IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBRA L. CLUTTER, individually
and in her capacity as the
Administratrix of the
Estate of GLEN L. CLUTTER,

    Plaintiff,

v.                                     Civil Action No. 1:14CV9
                                                       (STAMP)

CONSOLIDATION COAL COMPANY,
a Delaware corporation,
WAYNE CONAWAY and STEVE D. FOX,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND,
GRANTING PLAINTIFF'S REQUEST
FOR ATTORNEY'S FEES AND COSTS,
DENYING WITHOUT PREJUDICE
DEFENDANT WAYNE CONAWAY'S MOTION TO DISMISS,
DENYING WITHOUT PREJUDICE
DEFENDANT STEVE D. FOX'S MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION TO STAY AS MOOT**

I.    Procedural History

The plaintiff, Debra L. Clutter ("Clutter"), filed this civil action in the Circuit Court of Marion County, West Virginia against the above-named defendants asserting claims which stem from the death of the plaintiff's husband. The plaintiff alleges that death occurred after a slate bar struck the deceased in the head while he was attempting to re-rail a supply car at an underground mine. The plaintiff alleges the following claims: (1) deliberate exposure pursuant to West Virginia Code § 23-4-2(d)(2)(ii) against Consolidation Coal Company ("CCC") individually; (2) deliberate

exposure pursuant to West Virginia Code § 23-4-2(d)(2)(i) against all defendants; and (3) loss of consortium against all defendants. Because the plaintiff asserted Claim 2 under the West Virginia Code, which provides an exception to the general immunity granted by the West Virginia Worker's Compensation system, the plaintiff was able to bring the claim against CCC (the employer); Wayne Conaway ("Conaway"), a safety director for the mine; and Steve D. Fox ("Fox"), the foreman who performed a pre-shift inspection of the area where the decedent's death occurred.

Thereafter, CCC filed a notice of removal to this Court alleging that Conaway and Fox had been fraudulently joined to this action. Subsequently, Conaway and Fox filed individual motions to dismiss and CCC filed an answer to the complaint. The plaintiff then filed a motion to remand contending that she had rightfully joined Conaway and Fox and that she should be awarded attorney's fees and costs. Shortly thereafter, the plaintiff filed a motion to stay this Court's consideration of the individual defendant's motions to dismiss until this Court had decided the plaintiff's motion to remand. All motions are now fully briefed.

## II. Facts

In its notice of removal, CCC alleged that the plaintiff fraudulently joined non-diverse plaintiffs, Fox and Conaway, in order to maintain this action in state court. The individual

defendants then filed separate motions to dismiss. Thereafter, the plaintiff filed a motion to remand.

In her motion to remand, the plaintiff first asserts that because CCC has not alleged outright fraud by the plaintiff, it must show by clear and convincing evidence that there is no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendants in state court. Further, the plaintiff contends that she has to allege in her complaint that the supervisor acted in a manner consistent with the language of West Virginia Code § 23-4-2(d)(2)(i) ("subpart (i)").

The plaintiff next asserts that she has pleaded in her complaint that the defendants "consciously, subjectively, and deliberately formed the intention" to cause the injuries and death of the deceased. The plaintiff contends that this is so because of the plaintiff's allegation that the defendants were aware of the dangers of the deceased's work area but still required the deceased to work in that area. Further, the plaintiff contends that CCC's use of Hedrick v. E.I. du Pont de Nemours and Co., 2013 WL 2422661, Civil Action No. 2:12-06135 (S.D. W. Va. June 3, 2013), in its notice of removal is misplaced because in that case, the plaintiff did not use the specific language of subpart (i) in his complaint and thus did not plead enough to maintain a subpart (i) claim. Additionally, the plaintiff argues that the West Virginia Supreme Court's decision in Young v. Apogee Coal Co., LLC, 753 S.E.2d 52

(W. Va. 2013), is distinguishable because that case dealt with a claim under West Virginia Code § 23-4-2(d)(2)(ii) ("subpart (ii)") and not subpart (i). The plaintiff contends that CCC only cites Young to attempt to misguide this Court into deciding a motion to remand akin to a motion for summary judgment.

Finally, the plaintiff contends that she is owed costs and fees for CCC's "fraudulent" removal. The plaintiff cites eleven cases that she asserts show a pattern of remand for cases involving claims under subpart (i); four of which involved CCC as a defendant. The plaintiff argues that because there was well-settled authority in favor of remand in subpart (i) cases when CCC removed, the notice of removal was baseless. Thus, the plaintiff claims that she has missed the opportunity of a 2014 trial date in state court and has provided an affidavit of the expenditures accrued because of CCC's baseless removal.

In its response, CCC argues that the plaintiff cannot merely recite the elements of subpart (i) in its complaint under Twombly and Iqbal.[1] CCC asserts that the plaintiff has pled insufficiently because she has, at most, pled (1) harm not specifically intended;

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). These two cases stand for the proposition that in order to sustain a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. The Court will refer to these two cases in tandem throughout this order. However, the Court will not give a full citation each time.

4

(2) that the defendants engaged in gross negligence; and (3) that the conduct was willful, wanton, or reckless. CCC contends that because of the heightened standard that must be applied to subpart (i) claims, that a plaintiff must show that there was a specific intent to kill or injure, this should be reviewed under Federal Rule of Civil Procedure 8 rather than the more lenient fraudulent joinder standard. Thus, CCC argues the higher standard set forth in Twombly and Iqbal should be applied. As such, CCC argues that the plaintiff fails because she has not alleged that (1) Conaway and Fox assigned Clutter to transport equipment on the dangerous track; (2) Conaway and Fox were present when the accident occurred; (3) Conaway and Fox directed Clutter to re-rail the equipment or use a specific method; or (4) Conaway and Fox wielded the bar or intended injury.

CCC then goes through the plaintiff's list of eleven cases she claims shows a pattern of remand and argues that they are distinguishable from this case. As such, CCC asserts that its notice of removal was objectively reasonable and that it had an appropriate basis for removal. CCC contends that removal was not contrary to law, as it showed by distinguishing the cases cited by the plaintiff, and that the plaintiff has not listed any other case in which she was involved with CCC and CCC incorrectly removed. Further, CCC argues that if the plaintiff meant that plaintiff's counsel has had his time wasted by CCC's removal, CCC has only been

able to find one case that involved plaintiff's counsel and that was <u>Hoffman v. Consolidated Coal Co.</u>, 2010 WL 4968266, Civil Action No. 1:10CV83 (N.D. W. Va. Dec. 1, 2010), in which remand was based on a subpart (ii) claim and not a subpart (i) claim.

The plaintiff asserts the same arguments as in her motion to remand in her reply to CCC's contentions. However, the plaintiff adds that this Court should not apply <u>Twombly</u> and <u>Iqbal</u> but rather should apply the more lenient fraudulent joinder standard and West Virginia's notice pleading standard.

Based on the following analysis, this Court finds that the plaintiff's motion to remand should be granted and that attorney's fees and costs should be assessed. As such, this Court also finds that the individual defendants' motions to dismiss should be denied without prejudice so that the defendants may file them in state court if appropriate. Finally, this Court finds that the plaintiff's motion to stay is denied as moot given this Court's finding as to the motion to remand and the individual motions to dismiss.

### III. <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy

exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. See Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

IV. Discussion

A. Fraudulent Joinder

1. Application of Fraudulent Joinder Standard

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of

7

jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendants. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." Id. at 232-33 (internal citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426. Further, the burden is on the defendants to establish fraudulent joinder by clear and convincing evidence. See Rinehart, 660 F. Supp. at 1141.

CCC first asserts that this Court should apply the more stringent standard set forth in Twombly and Iqbal rather than the standard for fraudulent joinder. CCC contends that because there is a higher standard of proof for a claim under the deliberate exposure statute which encompasses subpart (i) claims, this Court should likewise apply a higher standard for considering the plaintiff's motion to remand.

This Court finds, however, that the correct standard to apply is that of fraudulent joinder. The defendants are unable to cite any case law that supports the assertion that the more stringent standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be applied. CCC cites <u>Hedrick</u>, 2013 WL at *7-8, a United States District Court for the Southern District of West Virginia case, for its assertion. However, this is misplaced because the court in <u>Hedrick</u> clearly used the more lenient fraudulent joinder standard. <u>Id.</u> at *2. The <u>Hedrick</u> court found that the plaintiff failed to meet the lenient standard by not asserting that the defendant had acted with a "'consciously, subjectively and deliberately formed intention to produce the specific result of injury or death . . .'" or providing additional facts in his complaint to support the inference that the defendant had the required intent under subpart (i). <u>Id.</u> at *3. Thus, the <u>Hedrick</u> court was clearly applying the second prong of the fraudulent joinder standard under which the removing party must show that there is no possibility the plaintiff could maintain a cause of action.

Further, this Court notes that the other cases cited by the parties for fraudulent joinder, based on subpart (i) or (ii), use the more lenient fraudulent joinder standard.[2] As such, the

---

[2] <u>E.g.</u>, <u>Duffield, et al. v. Penn Line Corp., et al.</u>, 2013 WL 2607480, Civil Action No. 2:13CV04733, *1-2 (S.D. W. Va. June 11, 2013); <u>Blythe v. Consolidation Coal Co.</u>, 2013 WL 486871, Civil

9

appropriate standard to be applied is that as set forth above for fraudulent joinder.

   2.   Remand

   CCC has not alleged outright fraud by the plaintiff; thus, CCC has the burden to establish by clear and convincing evidence that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley, 187 F.3d at 424. The plaintiff argues that a pattern of remand has been established in cases involving claims under subpart (i) where the plaintiff alleges in the complaint that the individual defendant acted in a manner consistent with the language of subpart (i). Further, the plaintiff contends that she has done so in this action. On the other hand, CCC asserts that the case law cited by the plaintiff does not suggest that remand is proper and that the plaintiff has not pleaded sufficient facts to establish a cause of action under subpart (i).

   Because the plaintiff's grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether Conaway and Fox were fraudulently joined. The plaintiff asserts a cause of action against all three defendants for a deliberate intention workplace injury pursuant to subpart (i).

---

Action No. 5:12CV95, *3 (N.D. W. Va. Feb. 7, 2013); Adkins v. Consolidated Coal Co., 856 F. Supp. 2d 817, 820 (S.D. W. Va. 2012); Bledsoe v. Brooks Run Mining Co., LLC, 2011 WL 5360042, Civil Action No. 5:11CV00464, *1 (S.D. W. Va. Nov. 4, 2011).

This statutory provision establishes an exception to the general prohibition against such suits under West Virginia Workers' Compensation Act. See W. Va. Code § 23-2-6.

West Virginia's deliberate intention statute provides two independent means for proving deliberate intention. Specifically, West Virginia Code § 23-4-2(d)(2)(i) states:

> The immunity from suit provided under this section and under sections six [§ 23-2-6] and six-a [§ 23-2-6a], article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied only if:
>
> (i) It is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct . . . .

West Virginia Code § 23-4-2(d)(2)(i). "Neither negligence, recklessness nor willful misconduct satisfies the requirements of this subsection–instead, in a single i claim a plaintiff must prove that an employer or other person granted immunity actually tried to injure or kill him." Williams v. Harsco Corp., 1:10CV206, 2011 WL 3035272 (N.D. W. Va. July 22, 2011) (citing Syl. Pts. 7-9, Tolliver v. Kroger Co., 498 S.E.2d 702 (W. Va. 1997)).

CCC specifically argues that the plaintiff fails to support a claim under subpart (i) because she has not alleged that (1)

11

Conaway and Fox assigned Clutter to transport equipment on the dangerous track; (2) Conaway and Fox were present when the accident occurred; (3) Conaway and Fox directed Clutter to re-rail the equipment or use a specific method; or (4) Conaway and Fox wielded the bar or intended injury. As to CCC's assertions, this Court has previously found that this type of argument is invalid. In Beagle, this Court held that a defendant's "presence or absence at the worksite on the day of the accident has no bearing on the question of intent." Beagle, 5:09CV33 at *7. Each of these specific arguments is rooted in the individual defendants having to have some sort of presence at the worksite when the injury or death occurred. As this Court has previously held, a plaintiff still has the "possibility" of establishing a cause of action without alleging that the defendant was present at the time of the complained of injury.

Further, a "possibility" that a cause of action will be found valid can be found based on the plaintiff's allegations rooted in the applicable statutory language. Rinehart, 660 F. Supp. at 1142. Here, the plaintiff has pleaded her allegations based on the specific language of subpart (i) and has provided factual background to connect the individual defendants to those allegations. As this Court has previously stated, a plaintiff does not need to show that her allegations "are sufficiently pled to meet the more stringent standard of a motion to dismiss." Hoffman,

12

2010 WL 4968266, *5, n. 2. Specifically, in Hoffman, this Court granted remand where the plaintiff had only made allegations based on the statutory language of both subparts (i) and (ii). Although the defendants argue otherwise, this Court found that remand was proper based on the allegations pled by the plaintiff and that finding applied to both the subpart (i) and subpart (ii) claims. Id. Hence, why this Court stated that it was only finding "that the allegations are sufficiently pled to overcome the defendants' claim of fraudulent joinder." Id.

Hedrick, cited by CCC, provides further support of the assertion that a plaintiff may follow the statutory language, with sufficiently pleaded facts, in order to survive a fraudulent joinder. As stated previously, the court in Hedrick found that remand was not proper because the plaintiff had not asserted that the defendant acted with a "consciously, subjectively and deliberately formed intention to produce the specific result of injury or death . . . " and had pleaded "no additional facts supporting the inference" that the defendant intended to injure or kill the plaintiff. Hedrick, 2013 WL 2422661 at *3. Taken in the inverse, the plaintiff's claim would have been properly pled if he had done those two things. Here, the plaintiff has clearly provided allegations under the statutory language and has provided additional facts to show intent on behalf of the individual defendants.

13

Although CCC would like to have this Court apply a more stringent standard, it is clear that even where remand is not granted, courts still apply a lenient test that only requires a "glimmer of hope." Hartley, 187 F.3d at 426. This "glimmer of hope" in statutorily pled cases, as seen above, can be found in a complaint that follows a close recitation of the statutory language but also provides some factual content to support the required statutory elements. That standard has been met here and thus, CCC has failed to prove by clear and convincing evidence that the plaintiff has no possibility, or a "glimmer of hope, to establish a cause of action against the in-state defendant in state court." Id. at 424.

B.  Attorney's Fees and Costs

Title 28, United States Code, Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." With respect to the award of attorney's fees and costs, the United States Court of Appeals for the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). However, courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

This Court finds that such fees and costs are appropriate in this matter. CCC did not assert a colorable claim to removal jurisdiction in this Court because its claim was contrary to the settled authority of this Court. A removing party does not have an objectively reasonable basis for removal if the basis for removal is contrary to clear case law and "a cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction." Husk v. E.I. Du Pont De Nemours and Co., 842 F. Supp. 895, 899 (S.D. W. Va. 1994); see also Powers v. Cottrell, Inc., 728 F.3d 509, 520 (6th Cir. 2013); Gibson v. Tinkey, 822 F. Supp. 347, 349 (S.D. W. Va. 1993). As set forth above, this Court and other courts have held previously that subpart (i) claims, such as the plaintiff's, meet the less stringent standard applicable to the review of a fraudulent joinder claim. The plaintiff has set forth enough facts against the individual defendants to meet the requirements for remand and it is now clear based on the case law that individual supervisors or employees may be sued under subpart (i). A superficial review of the current precedent and the underlying complaint should have impeded CCC's removal.

This Court has spoken to at least one if not all four of CCC's specific arguments as to why intent was not shown by the

plaintiff's allegations.  Further, this Court and other courts have found that a complaint may track statutory language and that a plaintiff is not required to plead sufficient facts so as to survive a motion to dismiss but only to support a finding that the statutory elements have been pled as to the defendant.  However, CCC filed a notice of removal in the face of such precedent.

Finally, CCC repeatedly focused on this Court applying the stringent standard for a motion to dismiss and the fact that the West Virginia Supreme Court had recently found that subpart (ii) claims may not be brought against individual defendants.  Syl. Pt. 6, Young, 753 S.E.2d at 54.  Both arguments appear to be diversionary tactics by CCC and were clearly not applicable to the motion to remand by the plaintiff which could only be based on the claims made under subpart (i) against Conaway and Fox, the non-diverse defendants.

Accordingly, because the facts in this case and prior case law heavily weigh against CCC's arguments in the notice of removal, this Court finds that CCC's removal was not objectively reasonable. As an award of attorney's fees and costs is discretionary, this Court finds that the plaintiff is entitled to such fees and costs, pursuant to § 1447(c), incurred because of CCC's removal to this Court.  Thus, although this Court is remanding this action to the state court, the Court will retain the matter on its docket in

16

order to hold an evidentiary hearing regarding the fees and costs associated with removal.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (ECF No. 12) is GRANTED, defendant Wayne Conaway's and defendant Steve D. Fox's motions to dismiss (ECF Nos. 8 and 9) are DENIED WITHOUT PREJUDICE to be raised in state court, if appropriate. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marion County, West Virginia. Finally, the plaintiff's motion to stay (ECF No. 16) is DENIED AS MOOT.

However, as this Court found that an award of attorney's fees and costs is appropriate, the parties are DIRECTED to appear for an evidentiary hearing on **May 5, 2014 at 2:15 p.m.** in the South Courtroom on the Second Floor of the Federal Building at 1125 Chapline Street in Wheeling, West Virginia 26003.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marion County, West Virginia.

DATED:   April 15, 2014

> /s/ Frederick P. Stamp, Jr.
> FREDERICK P. STAMP, JR.
> UNITED STATES DISTRICT JUDGE